**Not for Publication**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| YANILDA A. TORO, | |
| Plaintiff, | Civil Action No. 18-13358 (ES) (MAH) |
| v. | MEMORANDUM OPINION |
| VICTOR H. TORO, et al., | |
| Defendants. | |

**SALAS, DISTRICT JUDGE**

This matter comes before the Court by way of *pro se* Plaintiff Yanilda A. Toro's ("Plaintiff") filing this *in forma pauperis* action (D.E. No. 1, Complaint ("Compl.")) against Victor Toro, Roseanne Baffige, New Jersey Superior Courts and Elizabeth New Jersey Municipal Court (collectively "Defendants"). The Court granted Plaintiff's application to proceed *in forma pauperis* on August 31, 2018. (D.E. No. 2). For the reasons stated below, Plaintiff's Complaint is DISMISSED pursuant to 28 U.S.C. § 1915 (e)(2)(B)(ii) & (iii).

## I. Legal Standard

Federal law requires this Court to screen Plaintiff's Complaint for *sua sponte* dismissal before service and to dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from being liable for such relief. 28 U.S.C. § 1915(e)(2)(B).

When considering dismissal under § 1915(e)(2)(B)(ii) for failure to state a claim on which relief can be granted, the Court must apply the same standard of review as that for dismissing a complaint under Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 F. App'x 120,

122 (3d Cir. 2012). To survive a dismissal under Rule 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claims rests." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) (citation omitted).

Further, complaints filed by *pro se* plaintiffs are "to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must "accept all factual allegations as true, [and] construe the complaint in the light most favorable to the plaintiff." *Phillips*, 515 F.3d at 233. "The Court need not, however, credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *D'Agostino v. CECOMRDEC*, No. 10-4558, 2010 WL 3719623, at *1 (D.N.J. Sept. 10, 2010).

**II.  Analysis**

The Court finds that the Complaint, as it currently stands, fails to state a claim upon which relief may be granted under Rule 12(b)(6) and section 1915(e)(2)(b)(ii). Plaintiff brings this action alleging state and federal claims against Defendants. Particularly, Plaintiff appears to allege a civil rights violation against New Jersey Superior Courts for mistrials and for neglecting her; a civil rights violation against Elizabeth Municipal Courts of New Jersey for failing to produce all relevant evidence related to her claim; a Section 1983 claim against Officer Pinkevics for placing tight handcuffs on her and arresting her without a warrant; a defamation claim against Roseanne

Baffige for lying to the police officer; and an assault and battery claim against Victor Toro for attacking her. (*See* Compl. at 3-4). The Court will address them in turn.

### A. New Jersey Municipal Courts and Superior Courts

The Eleventh Amendment provides that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State, or by citizens or subjects of any foreign state." U.S. Const. amend. XI. "Generally, a suit by private parties seeking to impose a liability that must be paid from public funds in a state treasury is barred from federal court by the Eleventh Amendment, unless that immunity is waived by the state itself or by federal statute." *Baratta v. City of New Brunswick*, No. 10-1020, 2010 WL 4867390, at *6 (D.N.J. Nov. 23, 2010) (citing *Edelman v. Jordan*, 415 U.S. 651, 663 (1974)). The Eleventh Amendment protects states and their agencies and departments from suit in federal court irrespective of the type of relief sought. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).

Moreover, absent consent by a state, the Eleventh Amendment bars suits for money damages against state officers in their official capacities in federal court. *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985). Section 1983 does not abrogate a state's Eleventh Amendment immunity. *Quern v. Jordan*, 440 U.S. 332, 340 (1979). Additionally, "neither states, nor governmental entities that are considered arms of the state for Eleventh Amendment purposes, nor state officers sued in their official capacities for money damages are persons within the meaning of § 1983." *Baratta*, 2010 WL 4867390, at *6; *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70–71 (1989); *Grabow v. So. State Corr. Facility*, 726 F. Supp. 537, 538–39 (D.N.J. 1989) (ruling that New Jersey Department of Corrections is not a person under § 1983).

Here, Plaintiff asserts claims against Elizabeth Municipal Court and New Jersey Superior Courts. (*See* Compl. 3-4). Plaintiff states "I continued going to state court, but they kept neglect[ing] me." (Compl. at 3). She further states that "they always took Victor H. Toro's side along with Roseanne Baffige" [sic]. *Id*. This Court finds that the Eleventh Amendment protects Elizabeth Municipal Court and New Jersey Superior Courts from monetary liability. Municipal courts provide judicial services, an area in which local governments are typically treated as "arm[s] of the State" for Eleventh Amendment purposes, *Mt. Healthy City Bd. of Ed. v. Doyle*, 429 U.S. 274, 280 (1977), and enjoy the same immunity from suit as states. *See, e.g.*, *Callahan v. Philadelphia*, 207 F.3d 668, 670–74 (3d Cir. 2000) (ruling that municipal court is "arm of the State" entitled to Eleventh Amendment immunity); *see also Baratta*, 2010 WL 4867390, at *18 (finding that municipal courts are protected by the Eleventh Amendment). Therefore, this Court will dismiss the Complaint insofar as it asserts federal claims against Elizabeth Municipal Court, as it is immune from suit under the Eleventh Amendment.

Moreover, this Court finds that New Jersey Superior Court is also an "arm" of the state entitled to share in the state's sovereign immunity. *See Johnson v. State of N.J.*, 869 F. Supp. 289, 296-97 (D.N.J. 1994) (finding New Jersey Superior Court is an "arm" of the state and that plaintiff's claim for damages against the New Jersey Superior Court was barred by the Eleventh Amendment). Consequently, this Court will dismiss all allegations against the New Jersey Municipal Courts and New Jersey Superior Courts *with prejudice*.

### B. Remaining Federal Law Claims

Plaintiff appears to allege a Section 1983 claim against Officer Pinkevics for an unlawful arrest. Section 1983 provides a federal cause of action for the violation of civil rights. 42 U.S.C. § 1983. "Federal law looks to the law of the state in which the cause of action arose," including

the law for statute of limitations. *Allen v. N.J. State Police*, No. 16-1660, 2017 WL 899914, at *6 (D.N.J. Mar. 7, 2017) (citing *Wallace v. Kato*, 549 U.S. 384, 387 (2007)) (citations omitted). "Thus, a Section 1983 claim arising in New Jersey has a two-year statute of limitations." *Dique v. N.J. State Police*, 603, F.3d 181, 185 (3d Cir. 2010) (citations omitted).

Further, in New Jersey the statute of limitations begins to run when the plaintiff knows or has reason to know of the injury that forms the basis of its Section 1983 claim. *Montgomery v. De Simone*, 159 F.3d 120, 126 (3d Cir. 1998) (citing *Genty v. Resolution Trust Corp.*, 937 F.2d 899, 919 (3d Cir. 1991); *see Oshiver v. Levin, Fishbein, Sedran Berman*, 38 F.3d 1380, 1386 (3d Cir. 1994) ("A claim accrues in a federal cause of action as soon as a potential claimant either is aware, or should be aware, of the existence of and source of an injury ... not upon awareness that this injury constitutes a legal wrong.") (citing *Keystone Ins. Co. v. Houghton,* 863 F.2d 1125, 1127 (3d Cir.1988)). Particularly, "Fourth Amendment claims for false arrest or unlawful searches accrue at the time of (or termination of) the violation . . .." *See Hilton v. Whitman*, 2008 WL 5272190, *8 (D.N.J. Dec. 16, 2008) (citation omitted).

Here, Plaintiff alleges that an officer placed tight handcuffs on her, while she was barefoot, and arrested her without a warrant. (Compl. at 4). Plaintiff further states, that "Officer Pinkevics had no warrant to arrest [her]." (*Id*.). Plaintiff appears to assert a claim for unlawful arrest about nine years after the arrest. Besides not listing Officer Pinkevics as a defendant, to the extent Plaintiff is attempting to assert a Section 1983 claim, the claim is barred by the statute of limitations. *See Dique*, 603, F.3d at 185. As such, the Court dismisses this claim *with prejudice.*

## C. State Law Claims

The Court declines supplemental jurisdiction, pursuant to 28 U.S.C § 1367 (c)(3), over the remaining state law claims for defamation and assault and battery.[1] "Supplemental jurisdiction allows federal courts to hear and decide state-law claims along with federal-law claims when they are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." *Wisconsin Dept. of Corrections v. Schacht*, 524 U.S. 381, 387 (1998) (citation and internal quotation marks omitted). Where a district court has original jurisdiction pursuant to 28 U.S.C. § 1331 over federal claims and supplemental jurisdiction over state claims pursuant to 28 U.S.C. § 1367(a), the district court has discretion to decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3); *Growth Horizons, Inc. v. Delaware County, Pennsylvania*, 983 F.2d 1277, 1284–1285 (3d Cir. 1993). In exercising its discretion, "the district court should take into account generally accepted principles of 'judicial economy, convenience, and fairness to the litigants.'" *Growth Horizons, Inc.*, 983 F.2d at 1284 (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)). Where the federal claims are dismissed at an early stage in the litigation, courts generally decline to exercise supplemental jurisdiction over state claims. *United Mine Workers*, 383 U.S. at 726; *Growth Horizons, Inc.*, 983 F.2d at 1284–85.

Here, the Court has dismissed the federal claims early in the proceedings and exercises its discretion to decline supplemental jurisdiction over any remaining state law claims at this time.

---

[1] Plaintiff contends that Roseanne Baffige "committed perjury with a dirty police [sic] that [she] scratched her face." (*See* Compl. at 3). Perjury is defined as a false statement made under oath before a grand jury or court. 18 U.S.C. §§ 1621, 1623. Thus, the Court construes Plaintiff's claim as a defamation claim. Regarding Plaintiff's assault and battery claim, she alleges that Victor Toro attacked her on August 19, 2009, August 22, 2009 and in August 2016. (*See* Compl. at 3).

## III. CONCLUSION

For the foregoing reasons, Plaintiff's Complaint is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(ii) & (iii). Having dismissed Plaintiff's federal law claims, the Court denies supplemental jurisdiction over Plaintiff's remaining state law claims. An appropriate order accompanies this opinion.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**